IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CHRISTOPHER J. COOPER,              )
                                    )
                Movant,             )
                                    )
        v.                          )    Civ. No. 06-00727-CV-W-NKL-P
                                    )    Crim. No. 05-00071-01-CR-W-NKL
UNITED STATES OF AMERICA,           )
                                    )
                Respondent.         )

## ORDER

On March 6, 2007, the Court denied Movant Christopher J. Cooper's ("Cooper")

Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  In that

motion, Cooper argued (1) that the Court lacked jurisdiction over him or acted in excess

of its jurisdiction, and (2) that he received ineffective assistance of counsel.  The Court

ruled that Cooper knowingly and voluntarily gave up his right to seek post-conviction

relief when he signed a plea agreement that included a waiver provision.  (Order at 6.)

The Court also ruled that it had jurisdiction over Cooper's case.  (Order at 10.)  Finally,

the Court ruled that Cooper's waiver precluded his Section 2255 ineffective assistance of

counsel claim.  (Order at 10.)  Pending before the Court is Cooper's Motion for

Reconsideration [Doc. # 21].

In his Motion, Cooper repeats his argument that the Court is without jurisdiction or

acted in excess of its jurisdiction.  The Court's jurisdiction, however, was thoroughly

addressed in the March 6, 2007 Order, and Cooper has offered no new argument

1

regarding the Court's jurisdiction. For the reasons stated in the March 6, 2007 Order, the Court, again, finds that it has jurisdiction over Cooper's case.

Cooper also asks the Court to reconsider its holding that 18 U.S.C. § 111(a) does not require Cooper to have intended to injure, or actually injure, a federal officer. In support of this argument, Cooper cites *United States v. Feola*, 420 U.S. 671, 684 (1975) and *United States v. Ettinger*, 344 F.3d 1149, 1160 (11th Cir. 2003). Cooper argues that the *Feola* and *Ettinger* courts held that Section 111 requires that the assailant intend to commit assault. Cooper's reading of the *Feola* and *Ettinger* decisions is correct, but neither case conflicts with the Court's ruling that Section 111 does not require Cooper to have intended to injure a federal officer. In its March 6, 2007 Order, the Court found a sufficient factual basis to accept Cooper's guilty plea. That decision remains unchanged.

Lastly, Cooper asks the Court to reconsider whether Cooper received ineffective assistance of counsel. In its March 6, 2007 Order, the Court held that Cooper knowingly and voluntarily waived his right to seek post-conviction relief. Cooper has not argued that his counsel was ineffective in negotiating the waiver provision in the plea agreement or in advising him with respect to the waiver. Therefore, the Court's determination that Cooper's waiver precludes his Section 2255 ineffective assistance of counsel claim will not be altered.

Cooper's Motion For Reconsideration [Doc. # 21] is DENIED.

IT IS SO ORDERED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 4, 2007
Jefferson City, Missouri